UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-12-10119-GW (AGR)                                    Date:  July 17, 2024

Title     Adrian Chavez v. Greg Lewis


Present:  The Honorable:    Alicia G. Rosenberg, United States Magistrate Judge


| K. Lozada | n/a |
|-----------|-----|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|-----------------------------------|-----------------------------------|
| n/a | n/a |


**Proceedings: (IN CHAMBERS) ORDER TO PETITIONER (1) TO SHOW CAUSE WHY THIS HABEAS ACTION SHOULD NOT BE DISMISSED AS MOOT AND (2) TO FILE A NOTICE OF CHANGE OF ADDRESS**

### *Procedural History*

On March 17, 2008, a Los Angeles County Superior Court jury found Petitioner guilty of the first degree murder of Salvador DeAvila as an aider and abettor under the natural and probable consequences doctrine. *People v. Chavez*, 2021 Cal. App. Unpub. 7100, *1 (Nov. 10, 2021) (attached in Dkt. No. 162 at 109-24). The jury also found multiple firearm and gang enhancements to be true. Petitioner was sentenced to 75 years to life in state prison. *Id.* at 4. The California Court of Appeal affirmed the judgment. *Id.*

In Petitioner's habeas action in this court, the operative petition is the Second Amended Petition for Writ of Habeas Corpus ("SAP"). (Dkt. No. 115.) Petitioner limited Ground Seven in the SAP to cumulative error based on Grounds One, Two and Three in the SAP. (Dkt. No. 114 at 3-4.)

Briefing on the SAP was suspended after Petitioner filed a motion for leave to file a Third Amended Petition for Writ of Habeas Corpus ("TAP"). (Order, Dkt. No. 122.) Briefing on Petitioner's motion for leave to file the TAP was thereafter suspended after Petitioner filed a motion for stay of proceedings. (Order, Dkt. No. 125.)


| CV-90 (03/15) | Civil Minutes – General | Page **1** of **3** |
|---------------|-------------------------|---------------------|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  CV-12-10119-GW (AGR)                                    Date:  July 17, 2024

Title      Adrian Chavez v. Greg Lewis


On July 3, 2017, the District Court granted Petitioner's motion for a stay and stayed this action pending the outcome of state appellate proceedings in the underlying criminal case.  (Dkt. No. 144.)

On July 16, 2024, the District Court granted Respondent's motion to reopen the case.  (Dkt. No. 163.)

### *Modified Judgment in Petitioner's Criminal Case*

On remand from the California Supreme Court's ruling on a state habeas petition, the Superior Court modified Petitioner's conviction from first degree murder to second degree murder in light of *People v. Chiu*, 59 Cal. 4th 155 (2014).  Petitioner was resentenced to 55 years to life in state prison.  *Chavez*, 2021 Cal. App. Unpub. 7100, at 5.

On August 26, 2020, the Superior Court granted Petitioner's petition for resentencing pursuant to Cal. Penal Code § 1170.95.  The Superior Court vacated the murder conviction and firearm enhancements, and resentenced Petitioner for the target offense of felony assault.  The Superior Court found "no dispute in the evidence that an assault occurred.  Therefore, redesignating Petitioner's conviction to assault fits his culpability for punching Maszano, rendering him unconscious on the ground."  The Superior Court found the gang enhancements to be true as to the felony assault conviction.  Petitioner had previously admitted a prior strike and two prior prison term allegations.  Petitioner was resentenced to the upper term of three years for felony assault, doubled under the Three Strikes Law as a second strike for a total of six years, and struck the prior prison term allegations.  Based on his actual custody credits, Petitioner was sentenced to time served and placed on parole for three years.  *Id.* at *5-*6.

On November 10, 2021, the California Court of Appeal modified the sentence to reflect a two-year parole term, suspended the parole revocation fine and DNA penalty assessment, affirmed the judgment as modified and remanded with directions to hold a restitution hearing.  *Chavez*, 2021 Cal. App. Unpub. 7100, at *18.  According to a review of the appellate docket online, Petitioner did not file a petition for review before the California Supreme Court.  The restitution hearing was conducted on September 27, 2022.  (Dkt. No. 162 at 106-07.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-12-10119-GW (AGR)                                    Date:  July 17, 2024

Title   Adrian Chavez v. Greg Lewis

### *Order to Show Cause*

The operative SAP and motion for leave to file the proposed TAP were filed prior to the modified underlying criminal judgment.  Neither the SAP nor the proposed TAP appear to contain grounds for relief directed to the modified underlying criminal judgment.

In addition, according to the Superior Court docket in Case No. TA091961, a release order was issued for Petitioner on September 17, 2020 after he was resentenced to time served.  (Dkt. No. 162 at 103.)  Petitioner, who represents himself, has not filed a notice of change of address as required by Local Rule 41-6.

Plaintiff is warned that Local Rule 41-6 provides:  "A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address.  If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."

Accordingly, IT IS ORDERED that on or before **August 16, 2024**:

1. Petitioner must file a notice of change of address that notifies the Court and all parties of Petitioner's current address, telephone number, and email address.

2. Petitioner must show cause, in writing, why this habeas action should not be dismissed as moot.

Petitioner is warned that failure to file a notice of change of address or failure to show cause in response to this order may result in dismissal of this action with or without prejudice.

**Initials of Preparer**   kl

CV-90 (03/15)                          Civil Minutes – General                          Page **3** of **3**